IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARYA MILAN PERNELL, *also known as Aaron Pernell,* #17601-035, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )   No. 23-cv-00374-SPM ) |
| JOHN DOES #1-7 ET AL., | ) ) |
| Defendants. | ) ) |

MOTION TO DISMISS FOR FAILURE TO SERVE
DEFENDANTS IAN CONNORS AND ANDRE MATEVOUSIAN

The defendants, Ian Connors and Andre Matevousian, by their attorneys, Rachelle Aud Crowe, United States Attorney for the Southern District of Illinois, and Laura J. Jones, Assistant United States Attorney, move this Court pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure to dismiss the complaint (Doc. 1) for failure to serve them and to quash service. Defendants state as follows:

FACTS RELEVANT TO SERVICE

The Court in its Memorandum and Order dated September 28, 2023, granted leave to proceed *in forma pauperis* and ordered service on defendants pursuant to Rule 4(e), Fed. R. Civ. P. (Doc. 19, p. 12).  The Clerk's office issued summons to Ian Connors, Andre Matevousian, and Colette Peters.[1] (Doc. 20). The docket contains the return of the three summonses which the U.S. Marshals Service sent to 320 First Street, NW, in Washington, D.C. 20534.[2] (Doc. 31). Each

---

[1] Ian Connors was the former Administrative Remedy National Appeals Administrator (retired) of the Federal Bureau of Prisons (BOP); Andre Matevousian is the Regional Director of the North Central Regional Office of the BOP in Kansas, City, Kansas.

[2] That address is for the Central Office for the BOP.

returned summons indicated "legal evidence of service." Each summons provided service by certified mail with the certified mail tracking number. The attachments to the summonses on the docket included the statement that the "item [was] delivered to the front desk, reception area, or mail room," along with additional information from the U.S. Postal Service. (Doc. 31, pp. 4-6 (Ian Connors); Doc. 31, pp. 7-9 (Andre Matevousian)).[3]

On further investigation, the BOP learned that defendants Connors and Matevoisian had not actually been served. The declaration of Matthew Hafeli, attached as Exhibit A, indicates that the two defendants had not been served in their personal capacities. (*See* Ex. A ¶¶ 3-4). The procedure in the Central Office for service was not followed, and there was no indication in the "service log book" that service was effected. (*See* Ex. A ¶ 4). No one in the BOP mail room is authorized by appointment or by law to receive service of process. (*See* Ex. B, declaration of Andale Dixon at ¶ 4).

## ANALYSIS

Rule 12(b)(5) motions challenge the sufficiency of the manner in which the process was served. In determining whether the plaintiff has properly served the defendant, the facts are viewed in a light most favorable to the non-moving party. *AR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1271, 1275 (7th Cir. 1997). The Court may consider affidavits and other documentary evidence. (*Id.*). Rule 4(i)(3) provides the requirements for serving a federal officer or employee sued in an individual capacity (whether or not the officer or employee is also sued in an official capacity) for actions connected with duties performed on the United States's behalf. Rule 4(e)(1) allows service

---

[3] Colette Peters is not contesting service in her official capacity and is filing an answer.

pursuant to state law, but Illinois law does not provide for personal service by certified mail. *See* 735 ILCS § 5/2-203.

Rule 4(e)(2)(C) allows service by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." The returns filed by the U.S. Marshals Service indicate that the "item was delivered to the front desk, reception area, or mail room." (Doc. 31). The front desk and/or reception area is manned by security officers who contact the BOP Office of General Counsel when process servers come into the BOP Central Office for service of a document. (*See* Ex. A ¶ 3). Neither the "mailroom," nor any staff member working in the mailroom, is authorized by appointment or law to accept service on behalf of any BOP staff. (*See* Ex. B ¶ 4).

As indicated by the declaration of Matthew Hafeli (Ex. A), Litigation Branch staff members are authorized to accept service on behalf of these defendants. (*Id*. at ¶ 2). When a process server goes to the Central Office for service of a document, a security officer contacts a BOP employee in the Office of General Counsel. (*Id*. at ¶ 3). That employee reaches out to Litigation Branch staff working in person, asking one of them to accept service. (*Id*.). When the staff member confirms that he or she is authorized to accept service on behalf of the individual being served, he or she will accept service and then process the document that has been served. (*Id*.). The process includes logging the service in a "service log book" maintained in the Litigation Branch office. (*Id*.). The documents that are served are then forwarded to the office responsible for handling that particular matter. (*Id*.). When the log book was reviewed to determine if service had been effected, no personal service was effected. (*Id*. at 4).

Rule 12(b)(5) allows a defendant to "enforce the service of process requirements through a pretrial motion to dismiss." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011).

3

Service of process laws are designed to ensure defendants receive notice in accordance with concepts of due process. *United States v. Jiles*, 102 F.3d 278, 282 (7th Cir. 1996). The Federal Rules of Civil Procedure require a plaintiff to have a summons and complaint served on a defendant. Fed. R. Civ. P. 4(c)(1). Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4. *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001). Where there has been insufficient process, the Court does not have personal jurisdiction over a defendant. *Rabiolo v. Weinstein*, 357 F.2d 167 (7th Cir.1966).

CONCLUSION

Wherefore, defendants request that the Court dismiss the complaint and quash service. Alternatively, defendants request that the Court allow defendants 10 days to file their answers.

> IAN CONNORS
> ANDRE MATEVOUSIAN
>
> RACHELLE AUD CROWE
> United States Attorney
>
> *s/ Laura J. Jones*
> LAURA J. JONES
> Assistant United States Attorney
> United States Attorney's Office
> Nine Executive Drive
> Fairview Heights, Illinois 62208-1344
> Phone:  (618) 628-3700
> Fax:  (618) 622-3810
> E-mail: Laura.Jones@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that March 1, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

N/A

and I hereby certify that on March 1, 2024, I mailed by United States Postal Service the document to the following non-registered participant:

Arya Milan Pernell also known as Aaron Pernell
Reg. No. 17601-035
U.S. Penitentiary
P.O. Box 1000
Marion, IL 62959

/s/ Laura J. Jones
LAURA J. JONES
Assistant United States Attorney