IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ARYA MILAN PERNELL,**
*also known as Aaron Pernell,*

        **Plaintiff,**

v.

**JOHN DOES #1-7,** *et al.***,**

        **Defendants.**

Case No. 23-cv-00374-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion to dismiss filed by Defendants Ian Connors and Andre Matevousian pursuant to Federal Rule of Civil Procedure 12(b)(5). (Doc. 43). Plaintiff has also filed various motions with the Court. (Doc. 41, 46, 48, 49). For the following reasons, the motion to dismiss is granted in part and denied in part. (Doc. 43).

## BACKGROUND

Plaintiff Pernell, an inmate in the custody of the Federal Bureau of Prisons, commenced this suit by filing a Complaint alleging violations of her constitutional rights under *Bivens* and subsequent case law and the Rehabilitation Act. (Doc. 1). The Court screened the Complaint pursuant to 28 U.S.C. §1915A. Plaintiff is proceeding on an Eighth Amendment claim against John Does #1-7, who are members of the Transgender Executive Council, Warden Dan Sproul, Ian Connors, Andre Matevousian, and Medical Director John Doe #8 for deliberate indifference to her serious medical needs (Count 1) and a claim under the Rehabilitation Act against Federal Bureau of Prisons (BOP) Director Collette Peters for failure to accommodate her disability (Count 4). (Doc. 19). Because Plaintiff is incarcerated and proceeding *in forma pauperis* (Doc. 7), the

Court directed the United States Marshals Service to serve Defendants pursuant to Federal Rule of Civil Procedure 4(e). (Doc. 19, p. 12). *See* 28 U.S.C. §1915(d); FED. R. CIV. P. 4(c)(3).

On December 4, 2023, the summons was returned executed as to Defendants Ian Connors and Andre Matevousian. (Doc. 31). The United States Marshals Service served Defendants using certified mail and recorded that the summons and complaint was "delivered to the front desk, reception area, or mail room" on December 1, 2023. (*Id.* at p. 4, 7).

Assistant U.S. Attorney Laura Jones entered her appearance on behalf of Connors and Matevousian (Doc. 35) and filed the motion to dismiss that is currently before the Court. (Doc. 43). In the motion, Defendants Connors and Matevousian argue that the claims against them should be dismissed and service quashed due to insufficiency of service. They state that service via certified mail is not authorized under the Federal Rule of Civil Procedure 4 or Illinois law. Furthermore, mailroom staff are not authorized by appointment or law to accept service on behalf of any staff of the BOP. Because the United States Marshals Service did not comply with the directives of Rule 4, the Court does not have personal jurisdiction over Defendants. Defendants request that the claims against them be dismissed pursuant to Rule 12(b)(5).

Plaintiff opposes the motion. (Doc. 47). She points out that the motion is an argument aimed at the Court since the Court and not Plaintiff conducted service. Plaintiff argues that because she has had no role in effectuating service, any error should not impact her claims.

## ANALYSIS

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows a defendant to enforce service of process requirements through a pretrial motion to dismiss. FED. R. CIV. P. 12(b)(5). The method of service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4. Specifically, Federal Rule of Civil Procedure 4(e)(2) provides that an individual within

a judicial district of the United States may be served by: (1) delivering a copy of the summons and of the complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Alternatively, the Rule 4(e) for individuals to be served process in accordance with the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Washington D.C. law – where service was made on Defendants Connors and Matevousian – permits service of individuals "by registered or certified mail, return receipt requested." D.C. SUPER. CT. CIV. R. 4(c)(4).

The purpose of the service of process requirements is to provide the parties notice, encourage parties and their counsel to diligently pursue their case, and trigger a district court's ability to exercise jurisdiction over a defendant. *See Cardenas v. City of Chic.,* 646 F.3d 1001, 1005 (7th Cir. 2011) (citations omitted). When a defendant contests the sufficiency of service under 12(b)(5), usually the plaintiff bears the burden to prove that the defendant was properly served. *See Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (citing *Cardenas*, 646 F.3d at 1005). When considering a Rule 12(b)(5) motion, the Court may look outside the pleadings and must ultimately view the facts in the light most favorable to the plaintiff. *See United States v. Park*, 389 F. Supp. 3d 561, 567 (N.D. Ill. 2019). "Service generally will be quashed and the action preserved [rather than dismissed] in those cases in which there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." *Chatman v. Condell Med. Ctr.*, No. 99 C 5603, 2002 WL 737051, at *2 (N.D. Ill. Arp. 22, 2002).

Neither Connors nor Matevousian were served in a manner prescribed by the Federal Rules

of Civil Procedure. *See* FED. R. CIV. P. 4(e); 735 ILCS 5/2-203, 2-211. Service via certified mail is not permitted under either Rule 4(e) or Illinois law. *See Thompson v. Brown,* No. 20 C 133, 2020 WL 6149580, *1 (N.D. Ill. Oct. 20, 2020) (finding service improper where individual defendants served through certified mail). Although service using certified mail is allowed under D.C. law, the United States Marshals service did not submit proof that Defendants "signed for or otherwise received the mailings or that any recipients of the mailings were authorized to accept service on behalf of defendants in their individual capacities." *See Anderson v. Gates,* 20 F. Supp. 3d 114, 122 (D.C. Cir. Dec. 6, 2013) (finding that plaintiff did not demonstrate that he properly effected service by mailing the defendants at their work addresses and did not serve an agent designated to accept service). Thus, process on Connors and Matevousian was insufficient.

That being said, the Court, not Plaintiff, directed service, and Plaintiff "should not be penalized for the Marshals Service's inability to accomplish proper service." *Smith v. Ludwig,* No. 18-cv-774-jdp, 2022 WL 2866704, at *1 (W.D. Wisc. July 21, 2022) (citing *Sellers v. United States,* 902 F. 2d 598, 602 (7th Cir. 1990)). The Court will not dismiss Plaintiff's claims because of a "court officer's failure or mistake." *Walton v. Fed. Bureau of Prisons,* 533 F. Supp. 2d 107, 111 (D.C. Feb. 5, 2008). Because failure by the Marshals Service to complete timely service is automatic grounds for "good cause" to extend the deadline for service under Federal Rule of Civil Procedure 4(m), the Court will quash service as requested and reissues summons. *See Graham v. Satkoski,* 51 F. 3d 710, 713 (7th Cir. 1995).

### PLAINTIFF'S PENDING MOTIONS

Plaintiff has filed four motions: motion for appointment of counsel (Doc. 41), motion for clarification (Doc. 46), motion for temporary stay of proceedings (Doc. 48), and motion to resume proceedings (Doc. 49).

The second motion for appointment of counsel is **DENIED.** (Doc. 41). *See Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors court considers when evaluating motions for counsel). In Plaintiff's motion, she states that appointing her counsel would ensure fluid movement of this case in a timely manner and that there would be no mail room issues or interference. Plaintiff also argues she is "outclassed" by Defense Counsel. She is worried about conveying the merits of her case due to her twelfth-grade education level and lack of legal knowledge and conducting investigation into the facts. Despite her concerns, nothing has changed in this case since the Court previously found that Plaintiff was capable or representing himself during the early stages of this case. (*See* Doc. 19). Discovery on the merits has not commenced, and Defendants are still being served. Plaintiff continues to file motions, relay information to the Court, and advocate for herself. The Court does not find that conducting initial discovery is beyond Plaintiff's capabilities and will not recruit counsel to represent her at this time.

The motion for clarification is **GRANTED.** (Doc. 46). While Defendants are required, once they are properly served, to file a responsive pleading to the Complaint (Doc. 19, p. 13) (citing 42 U.S.C. §1997e(g)(2)), a plaintiff is only allowed to file a reply if allowed by the Court. *See* FED. R. CIV. P. 7(a)(7); FED. R. CIV. P. 8(b)(6) ("If a responsive pleading is not required, an allegation is considered denied or avoided."). The Court did not order Plaintiff to file a reply brief in response to Defendant Sproul's answer and so there was no deadline to extend.

The motion to stay and the motion to resume proceedings are **DENIED as moot.** (Doc. 48, 49).

## DISPOSITION

For the reasons stated above, the motion to dismiss for failure to serve is **GRANTED in part** and **DENIED in part.** (Doc. 43).

The December 4, 2023 services of process on Defendants Connors and Matevousian were ineffective and are therefore **QUASHED.** (Doc. 31). The Clerk of Court shall **REISSUE** summons for Connors and Matevousian in accordance with Doc. 19. The Clerk **SHALL** provide a copy of this Order along with the summons to the United States Marshals Service. The United States Marshals **SHALL** serve Defendants Connors and Matevousian pursuant to Federal Rule of Civil Procedure 4(e).

**IT IS SO ORDERED.**

DATED:   April 11, 2024

      *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**