IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARYA MILAN PERNELL, also known as Aaron Pernell,<br><br>**Plaintiff,**<br><br>v.<br><br>JOHN DOES #1—7, *et al.*,<br><br>**Defendant.** | Case No. 23-CV-00374-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court upon a *sua sponte* reconsideration of Plaintiff Arya Milan Pernell's Motion for Appointment of Counsel filed on May 20, 2025. (Doc. 159).[1] Plaintiff is a transgender inmate currently incarcerated at FCI Englewood in Littleton, Colorado. On June 30, 2025, the Court issued its order denying Plaintiff Pernell's request, finding that Pernell "demonstrates a significant ability on [her] part to formulate a persuasive, well-organized argument in spite of her mental health concerns and her purported lack of litigation support at FCI Englewood." (Doc. 163, p. 7). Further, this Court found that, while not adjudicating the merits of the claims presented, Pernell's case did not present "any particular difficulties which would be ameliorated by participation of counsel at summary judgment," and that, based on

---

[1] The record demonstrates that Pernell's Motion (Doc. 159) was filed on June 20, 2025. To clarify, Pernell's original Motion for Recruitment of Counsel (Doc. 256) was filed on May 20, 2025, and was subsequently sealed by the Court because it contained private, personal identifying information that was not properly redacted in violation of Federal Rule of Civil Procedure 5.2 and Southern District of Illinois Local Rule 5.1(c). (*See* Doc. 158). The Court instructed the Clerk of Court to redact the information in question and refile the Motion, which is the operative Motion presently before the Court.

the relevant case law applicable to her deliberate indifference and failure to accommodate claims, Pernell's case did not warrant appointing scarce legal resources at the time. (*See id.*, pp. 9−11).

Since the Court issued its order, Defendants have filed a Motion to Compel Discovery; it appears that Plaintiff has not been engaging in the discovery process with Defendants and has failed to respond to Defendants' initial Requests for Production and Interrogatories, even after multiple attempts to contact her and request her participation. (Doc. 164). Pernell responded to the Motion to Compel on August 8, 2025. (Doc. 167). She states that she is in the middle of a mental health crisis but is trying to pull through. (*Id.*). Plaintiff writes that she has continued to experience suicidal ideation and make attempts to take her life; she further states that she is psychologically triggered by working on this case, particularly in light of Defendants' use of her former name and male pronouns when referring to her in this action. (*Id.*, p. 1). Plaintiff did not respond to Defendants' Motion to Compel on the merits.

The Court now *sua sponte* reconsiders its ruling on Pernell's Motion for Appointment of Counsel. *See Williams v. Boughton*, No. 17-CV-794-WMC, 2020 WL 1083163, at *1 (W.D. Wis. Mar. 6, 2020) ("While the court is denying his request for recruitment of counsel at this time, if the court reviews Williams' response to defendants' motion and it becomes clear that he lacks the ability to complete these tasks, the court may decide *sua sponte* to recruit counsel for him."). This Court believes, upon revisiting its rationale in denying the Motion for Appointment of Counsel, that it initially placed a heavy emphasis on Plaintiff's litigation efforts from

much earlier in the case, and particularly reflected on her efforts prior to the discovery reaching the merits of the case. This Court further believes that greater emphasis should have been placed on Pernell's stated mental health struggles, as she has continued to explain to this Court in her Response to Defendants' Motoin to Compel that she is experiencing serious mental health concerns. (Doc. 167). It is clear that not only is Pernell experiencing a health crisis, but it is exacerbated by the sensitive nature of the litigation at hand to Plaintiff in particular and the merits of the claims Pernell has brought. Upon further consideration, this Court believes that while previously Plaintiff's litigation abilities demonstrated she was capable of proceeding without recruited counsel and that her mental health did not substantially impair her abilities, it has become apparent that this is no longer the case. This Court is well aware of the impact that mental health struggles can have on a person's abilities to function on a daily basis, much less substantially litigate their rights in federal court. This Court believes that justice is not served by standing by as Plaintiff's case potentially reaches a premature end on behalf of her mental health hindering her abilities to continue the litigation. Accordingly, upon a reconsideration of Plaintiff's Motion for Appointment of Counsel (Doc. 159), the Court will grant the motion and afford Plaintiff the assistance of counsel for this matter.

## Conclusion

In accordance with the above, Plaintiff Arya Milan Pernell's Motion to Appoint Counsel (Doc. 159) is **GRANTED**. This Court's previous order denying the motion (Doc. 163) is **VACATED**.

**IT IS HEREBY ORDERED** that, for the reasons stated in this Order, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney Katie Doherty of Armstrong Teasdale LLP, 7700 Forsyth Blvd, St. Louis, MO 63105, is **ASSIGNED** to represent Plaintiff Arya Milan Pernell in this civil rights case. On or before August 29, 2025, assigned counsel shall enter his/her appearance in this case. Attorney Doherty is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for her attorney to contact her in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Docs. 82, 83, 56, and 129 to Attorney Doherty. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff shall not personally file anything in this case, except a pleading that asks that she be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding pro bono case procedures.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of pro bono counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification

for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. See SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. He can also be reached by phone at 773-769-1411; however, email is his preferred means of contact. His services are available to counsel free of charge, as long as counsel is representing a prisoner pro bono on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it, and Mr. Mills as needed.

As of this date, Plaintiff's contact information is:

**ARYA MILAN PERNELL,**

*also known as* **AARON PERNELL, #17601-035**

**FEDERAL CORRECTIONAL INSTITUTION ENGLEWOOD**

**9595 WEST QUINCY AVENUE**

**LITTLETON, CO 80123**

**IT IS SO ORDERED.**

**DATED: August 15, 2025**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
